**AKERS MOTOR LINES, INC.**

v.

**LADY CORNELL COMB COMPANY, Inc.**
Civ. A. No. 61–544.

United States District Court
D. Massachusetts.
March 15, 1962.

Edwin R. Trafton, Boston, Mass., for plaintiff.

George J. Shagory, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action by a carrier to collect charges for carriage of goods in interstate commerce, in which plaintiff moves for summary judgment. Defendant in its answer and in answers to interrogatories admits that the goods were received from a shipper by the carrier to be carried on a collect bill of lading; that defendant under an agreement with the shipper had assumed responsibility for payment of the charges to the carrier; that the goods were delivered to defendant; and that defendant has not paid the freight charges of $463.74 due to plaintiff. Defendant's answer sets forth that the goods were delivered to defendant in defective condition due to the alleged negligence and misconduct of plaintiff in the handling of the shipment and hence that plaintiff is not entitled to recover these charges. Defendant has an action pending in the state court against the carrier to recover damages for the alleged injury to the goods involved in this shipment.

On the facts admitted by the defendant, plaintiff is entitled to summary judgment. The only issue of fact remaining is as to the alleged injury to goods in shipment. This is not material in the present case. Plaintiff carrier has not only the right but the duty to recover its proper charges for the services performed. 49 U.S.C.A. §§ 3(2) and 6(7). Defendant is, of course, entitled to recover for any damage to its goods occasioned by carrier's negligence or misconduct, either in an independent action or by way of counterclaim in an action by the carrier to recover its freight charges. But the existence of such a claim, even though valid, is no defense to the carrier's claim for its charges in the present action. Northern Pacific Railway Company v. Associated General Contractors of North Dakota, D.C., 152 F.Supp. 126.

W. A. Stackpole Motor Transportation, Inc. v. Malden Spinning & Dyeing Company, 1 Cir., 263 F.2d 47, relied upon by defendants, does not require a different result. In that case the freight charges had been paid and the action was one by the shipper against the carrier for damage to the goods in transit. The court held that in the circumstances of the case the shipper was not entitled to recover as an item of damage the freight charges it had paid, although it did express the view that in other circumstances, where the goods had been lost or totally destroyed in transit, such a recovery might be proper. If defendant here can show it is entitled to such recovery, it may do so in its state court action. It cannot use this claim as a defense in the present action.

Plaintiff's motion for summary judgment is allowed.